UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY A. GALLEGOS, | Case No. SACV 08-184-OP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

The Court[1] now rules as follows with respect to the three disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /
/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action (See Dkt. Nos. 7, 8.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following grounds for reversal and/or remand:

1) Whether the ALJ properly considered the initial clinical assessment by the treating psychiatrist;

2) Whether the ALJ properly considered the type, dosage, effectiveness, and side effects of Plaintiff's medication; and

3) Whether the ALJ posed a complete hypothetical to the vocational expert ("VE").

(JS at 3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

# III.
# DISCUSSION

## A. The ALJ's Findings.

The ALJ found that Plaintiff has the severe impairments of mild back degeneration, history of hepatitis B and C, and mild depressive and anxiety disorders, not otherwise specified. (AR at 23.) The ALJ also found that Plaintiff retains the residual functional capacity ("RFC") to perform a significant range of light work that would require her to sit eight hours in an eight-hour day; stand and walk for six hours in an eight-hour day, changing positions briefly each hour; lift and carry twenty pounds occasionally, ten pounds frequently; occasionally climb stairs, but not ladders or scaffolds; occasionally bend, balance, stoop, kneel, crouch and crawl; avoid unprotected heights and excessive exposure to temperature extremes and dust, fumes, and gases; perform moderately complex tasks, in a moderate stress environment, where no hypervigilence is required and she is not in charge of safety operations of others. (Id. at 23.) The ALJ determined that there were a significant number of jobs in the national economy that Plaintiff could perform, including small parts assembly and ticket taker. (Id.)

## B. The ALJ Properly Considered the Treating Physician's Opinions.

On September 9, 2004, Plaintiff contends that her "treating psychiatrist"[3] completed an initial clinical assessment, indicating that Plaintiff had accelerated motor activity and that her speech was talkative and rapid. (Id. at 466-71.) Plaintiff was reported to be depressed, anxious, and easily distracted. (Id.) Her thought process was described as circumstantial and her judgment impaired. (Id.) She blames others for problems and externalizes; has an impaired memory to recent events, and an impaired ability for immediate recall; and poor

---

[3] Plaintiff concedes that she does not know the name of this "treating psychiatrist" and that the name on the report is illegible. (JS at 3.)

concentration. (Id.) The clinician diagnosed Plaintiff with bipolar affective disorder I, with a current global assessment of functioning ("GAF") of 45, but a past year GAF of 50. (Id. at 471.) Plaintiff contends the change in GAF over a year indicates the erosion in Plaintiff's mental condition, suggesting a longitudinal history of a severe mental impairment. (JS at 4.) She also contends the ALJ failed to properly consider these findings. This Court does not agree.

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The same standards apply to examining physicians. See, e.g., Lester, 81 F.3d at 830-31.

Contrary to Plaintiff's contention, the ALJ did consider this report in his decision as it is duplicated at AR 397-402 (AR Exhibit 10F/30-10F/35.) With respect to discounting that exhibit, the ALJ specifically noted that "[m]ental

health notes from September, 2004, offer an additional diagnosis of bipolar affective disorder I with poly drug dependency, but the notes are otherwise illegible (Exhibit 10F/35)." (Id. at 18.) While the document appears to be an initial assessment form filled out by someone at Windstone Health Services, the mental health facility at which Plaintiff had several visits (see id. at 18, 368-402, 673-76), the ALJ properly rejected the opinion of Dr. Grewel, a psychiatrist at Windstone, which was expressed only a month after this initial assessment and which indicated on a "check-off" form that Plaintiff was unable to work (id. at 18.)

The Court also agrees with Defendant that there is no indication on this form that the person signing the report was a "treating psychiatrist." (JS at 7.) The signature is illegible, and the signature line merely indicates "Clinician Signature/Licensure." (AR at 402, 471.) Moreover, as an initial assessment, whoever signed the form did not have an ongoing treatment relationship with Plaintiff at that point in time. Therefore, it is difficult to see how this individual could possibly have reliably arrived at a determination of the "[h]ighest [GAF] score for the] last 12 months." (See id. at 402.)

The ALJ considered this report and properly relegated it to the non-probative pile. Substantial evidence supported the ALJ's decision that Plaintiff was not disabled.

C.  **The ALJ Did Not Err with Respect to Consideration of Alleged Side Effects of Plaintiff's Medication.**

Plaintiff contends the ALJ did not properly evaluate and consider the type, dosage, effectiveness, and side effects of Plaintiff's medications. (JS at 11.) Plaintiff relies on mental health progress notes dated October 25, 2004, by Dr. Grewal, reflecting "Medication Side Effects/Adverse Reactions" and listing dizziness, headaches, drowsiness, and palpitations. (JS at 10; AR at 458.)

As noted by Defendant, on the same form completed on February 14, 2005,

5

Dr. Grewal crossed out all the side effects except "headache" and indicated she was adjusting Plaintiff's medication.[4] (AR at 444-45; see also id. at 452.) Other notes indicate that Plaintiff's compliance with her medication is poor (see, e.g., id. at 430, 437, 438) or "erratic" (id. at 419, 428, 433, 446, 676.)

Under Ninth Circuit law, the ALJ must "consider *all* factors that might have a 'significant impact on an individual's ability to work.'" Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993) (quoting Varney v. Sec'y of Health & Human Servs., 846 F.2d 581, 585 (9th Cir.), relief modified, 859 F.2d 1396 (1988)). Such factors "may include side effects of medications as well as subjective evidence of pain." Erickson, 9 F.3d at 818. When the ALJ disregards the claimant's testimony as to subjective limitations of side effects, he must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medications. See Varney, 846 F.2d at 545; see also Muhammed v. Apfel, No. C 98-02952 CRB, 1999 WL 260974, at *6 (N.D. Cal. 1999).

In this case, the ALJ addressed medication side effects as part of his credibility assessment and stated that no evidence existed in the record demonstrating significant medication side effects. (AR at 21.) He also found Plaintiff "not fully credible" as to her symptoms, functional limitations, and restrictions. (Id.) At the hearing, Plaintiff testified that she would complain to Dr. Grewal about her medications and Dr. Grewel would then "give [me] something else." (Id. at 670.) Plaintiff mentioned only that the medications made her tired or nervous. (Id. at 670, 677.) That Dr. Grewel would then change the medications is born out by the medical records. (See generally id. at 408-65.)

---

[4] The Court notes that it is unclear whether Plaintiff was complaining of these side effects, denying some or all of the side effects, or whether these are simply notations regarding possible side effects of the medications she was taking.

6

1  None of the side effects indicated in Dr. Grewel's records, however, constitutes
2  an actual debilitating side effect, and the records do not reflect that any side effect
3  or combination of side effects resulted in any functional limitations. Osenbrock
4  v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001) (passing mentions of side effects
5  without documentation of effects of sufficient severity to interfere with the ability
6  to work are inadequate to demonstrate resulting impairment).
7      For the above reasons, Plaintiff has not met her burden of presenting
8  substantial supporting evidence of disabling side effects from her medication.
9  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). Accordingly, there was no
10 error in the ALJ's failure to further mention the alleged side effects of the
11 medications.

### D.  The Hypothetical Posed to the Vocational Expert Was Proper.

13     Plaintiff contends that the ALJ erred because the hypothetical questions
14 posed to the VE failed to take into account any mention of the GAF ratings
15 discussed in the first issue above or the side effects discussed in the second issue.
16 (JS at 13-14.) The Court disagrees.
17     "In order for the testimony of a VE to be considered reliable, the
18 hypothetical posed must include 'all of the claimant's functional limitations, both
19 physical and mental' supported by the record." Thomas, 278 F.3d at 956 (quoting
20 Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). Hypothetical questions
21 posed to a VE need not include all alleged limitations, but rather only those
22 limitations which the ALJ finds to exist. See, e.g., Magallanes, 881 F.2d at
23 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v.
24 Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). As a result, an ALJ must propose
25 a hypothetical that is based on medical assumptions, supported by substantial
26 evidence in the record, that reflects the claimant's limitations. Osenbrock, 240
27 F.3d at 1163-64 (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see
28 also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) (although the

Case 8:08-cv-00184-OP   Document 17   Filed 03/16/09   Page 8 of 8   Page ID #:64

hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

As previously discussed, the record evidence did not support Plaintiff's claim that she suffered from significant side effects from her medications or that the GAF score posited was in any way probative or reliable. While there was some evidence Plaintiff experienced palpitations and drowsiness as a result of her medications, there is no evidence that she would be unable to work as a result of these conditions. Moreover, the ALJ ultimately determined that Plaintiff was capable of performing moderately complex tasks. However, the hypothetical posed to the VE actually was more restrictive in that it hypothesized only simple, repetitive tasks, and even with that additional restriction, several jobs existed in sufficient numbers that Plaintiff could perform. (See AR at 712-13.)

Accordingly, there was no error in the ALJ's hypothetical questions to the VE which did not include these limitations. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that Rollins had claimed, but had failed to prove.").

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: March 16, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge